SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF Renesselaer

Michele Gray

Plaintiff(s),

-against-

Amazon

Defendant(s).

Index No. [type in Index No]

**Summons**

Date Index No. Purchased:

To the above named Defendant(s)

Amazon
4201 Walden Avenue
Lancaster, New York 14086

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is Renesselaer
which is 165A Vandenburgh Place Troy New York 12180

Dated: January 4, 2021

Michele Gray

by _____

Michele Gray

Attorneys for Plaintiff

Michele Gray
165A Vandenburgh Place
Troy, New York 12180

# SUPREME COURT OF NEW YORK
## COUNTY OF RENSSELAER

Michele Gray,

Plaintiff(s),

-vs-

Amazon,

Defendant(s).

CASE NO

**COMPLAINT**

**PRODUCT LIABILITY**

The plaintiffs *Michele Gray and M.G minor resides in Rensselaer County of Troy in New York* states as follows:

1) During the Covid-19 pandemic the local market were out of stock of tissue (toilet) paper so the Plaintiffs purchase tissue (toilet) paper online on *March 20, 2020* from the Defendant (see attached receipt **exhibit 1**)

2) The tissue paper was delivered *April 23, 2020,* (see **exhibit 2**).

3) The Plaintiffs rushed to *Urgent Care the Troy Family Health Center (St. Peters Health Partner)* at *79 Vandenburgh Place Troy, New York 12180* on *June 23, 2010* by *MD Melissa Fiorini* (see attached **exhibit 3**), a prescription from "*MD Fiorini*" for treatment (see **exhibit 4**)

1

4) the doctor checks the plaintiff's urine test and discovered the Plaintiffs has an infection in the plaintiff's private area.

5) The plaintiffs have a lump on the foreskin on the anal area that caused the plaintiffs to rush for care. Prior to the visit to doctor the Plaintiffs was itching in the anal area for several weeks.

6) The minor notices the package was dirty

7) The minor suffers sever itching in the anal area

8) The minor urine was infected with bacteria

9) The plaintiffs called the defendant for the address of the company "*Giokfine*" due to the *"Covid-19 pandemic"* no phones called are being answered, the plaintiffs sent email to the company asking for the address with no response (see attached **exhibit 5**).

10) The defendant states online that they are "committed to providing each customer the highest standard of customer service" The plaintiffs are unable to contact the company and "*Amazon*" hasn't answered the plaintiffs online as well.

11) Furthermore, the defendant has very low consumer satisfaction status showing *75%* of the customer aren't satisfied, with overall company and an *89%* negative review.

12) The plaintiff has attached medical records (see exhibit 6)

<u>Jurisdiction</u>

1)   This court has subject matter jurisdiction over this matter, 2) This court has personal jurisdiction over the defendant corporation because the corporation's principal place of business is located in the state New York under the Commerce Clause refers to Article 1, Section 8, Clause 3

3) Venue is proper pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the allegations in this complaint occurred in this state.

4)   The court has subject matter jurisdiction over the claim presented in this complaint under *28 U.S.C. § 1332* because plaintiffs are a resident of New York State and the amount in controversy exceeds $75,000, exclusive of fees and costs.

_____

FACTS

In tort law, *"Stream of Commerce Theory"* refers to a principle that a person who participates in placing a defective product in the general marketplace is strictly liable for harm caused by the product.

*Federal Tort* under the "*Third Restatement of Torts*" the influential treatise on the law of "*product liability*". A manufacturing defect occurred "the product departs from its intended design even

3

though all possible care was exercised in the preparation and marketing of the product.

*Restatement 2nd of Torts § 402A (1965). Section 402A* provides: that one who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm.

" *Product liability*" refers to a manufacturer or seller being held liable for placing a defective product into the hands of a consumer. Responsibility for a product defect that causes injury lies with all sellers of the product

Under *Product Liability, Negligence; Breach of Contract* (warranties involving the product's quality or fitness for use: express warranty, implied warranty of merchantability, and implied warranty of fitness for a particular purpose). These and other warranties are codified in the "*Uniform Commercial Code (UCC)*", which every state has adopted, at least in part) *and Strict Liability,* it is the responsibility of Defendants to deliver products free of defects that harm someone and to make good on that responsibility if the products are defective. The key feature of "*product liability law*" is that a person/plaintiff who suffers harm isn't attempted to prove negligence, but the negligence is

presumed which result is *"strict liability"*. The Defendant is absolute

responsibility as the seller, or/and distributor, and manufacturer, see

*DeWayne Johnson v. Monsanto Company, et al, (N.D. Cal. 2016)*

The law has developed a doctrine known as *"strict liability,"* that

allows a person injured by a defective or unexpectedly dangerous

product to recover compensation from the maker or seller of the

product, without showing that the manufacturer or seller was actually

*"negligent".* For these reasons *(1)* the consumer cannot be expected to

prove whether the seller or renter of a product had a proper system for

checking for manufacturer's defects, or whether the seller caused the

defect after receiving the product from the manufacturer. *(2)* a

consumer can't be expected to check each product before using it to see

if it's defective or dangerous.

_____

## FACTUAL ALLEGATION

1) The defendant wasn't responsibility under *product liability, and*

*delivered product that was defected.*

*2) The defendant delivered product that wasn't free of*

*contaminates to the plaintiffs violate laws under product liability.*

*3) The defendant delivered product that harm the plaintiffs that was unsanitary*

*4) The defendant has the obligation to make good of defected product that they manufactured.*

*5) The defendant was negligence in the manufacturing of defected tissue paper (toilet)*

*6) The defendant was negligence in the manufacturing of defected tissue paper (toilet) that harm the plaintiffs*

*7) The defendant was negligence in the selling tissue (toilet) paper was that contaminated with bacteria that harm the plaintiffs*

*8) The defendant is absolutely responsible for distributing defected product to purchase that harm the plaintiffs*

*9) The defendant is absolutely responsible for distributing defected product that harm that the plaintiffs.*

*10) The defendant is absolute responsible for distributing product that wasn't sterile that harm the plaintiff's' health.*

*11) The defendant is strictly liable for tort law of the third restatement and second restatement that harm the plaintiff's health.*

*12) The defendant strictly liable in injuring the plaintiffs.*

*13) The defendant is liable in their defect product from it intended design and injured the plaintiffs*

6

14) The defendant exercised care in the product and still injured the plaintiffs under the 2nd restatement of 3rd restatement tort.

15) Under product liability, as the seller, the defendant under the 3rd restatement tort and 2nd restatement federal tort sold the product the tissue (toilet) paper to the plaintiffs and they were injured.

16) As the seller, the defendant is liable for selling the defective product in the hands of the plaintiffs and causing injury.

17) Under product liability the defendant breaches the contract of products quality under the warranties codified in the "Uniform Commercial Code (UCC) and to make good.

18) The defendant breaches the contract under product liability that their product was sanitary use pursuant to UCC Uniform Commerical Code and to make good.

19) The defendant breaches the contract of warranty that was expressed and implied that the product was fit for particular purpose nevertheless cause injury to the plaintiffs pursuant to (UCC) Uniform Commercial Code.

20) The defendant fails to protects the plaintiffs from unsanitary tissue (toilet) paper direct cause to thier human health.

21) The defendant didn't assure protection against unsterilized tissue (toilet) paper that injured the plaintiffs due to the negligence.

*22) The defendant violates sanitary practice and negligence led to the injury to plaintiffs.*

*23) The defendant was irresponsibility to deliver products unfree of defects that harm the plaintiff.*

*24) It is the defendant responsibility to make good if the product sold is defective.*

*25) It is the defendant responsibility to make good of the product sold is unfit for use.*

*26) It is the defendant responsibility to make good of the sold is unsanitary.*

_____

## CLAIMS

Third Restatement of Torts Restatement Prod. Liab. § 1; Prod. Liab. § 1 h3. § 1

1} The defendant is liable of commercial seller or distributor that cause harm by their defective products which they engaged in the business of selling and distribution of product (water) who sell or distributes defective product is subject to liability for harm to the plaintiffs caused by the defect.

*Restatement 2nd of Torts § 402A (1965).*

8

2} The defendant sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm.

## NEGLIGENCE

3} The defendant conduct that fell below the standards of behavior established by law for the protection against the defendant product and there was unreasonable risk to the plaintiffs' health and the plaintiffs was harmed.

4} The defendant has acted negligently and has departed from the conduct expected of a reasonably prudent person acting under similar circumstances (*coronavirus pandemic*).

"

## BREACH OF WARRANTY
(expressed or implies)

5} The defendant broken promise about the product that defendant manufacture or sold.

6} The defendant failure on the statement or agreement by a seller/defendant of their product which is a part of the contract of sale, when the truth of the statement is necessary to the validity of the contract.

9

## CIVIL LIABILITY

7} The defendant is potentially responsible for payment of damages and harming the plaintiffs due to violating the *Uniform Commercial Code (UCC)* a model statute covering sale of goods, and warranties, adopted by all states by making good on responsibility if the products are defective.

## STRICT LIABILITY

8} The defendant is liable for damaging and harming the plaintiff health regardless of whether its conduct contributed to the injury. Many legal commentators refer to strict products liability as a "*policy decision.*"

## PRODUCT LIABILITY

9} Asserts the defendant the manufacturer of a product should be liable for personal injury that results from a defect in a product or from false representations made by the manufacturer of the product.

## MENTAL ANGUISH

10} The plaintiff suffered emotional distress such as fright, terror, apprehension, nervousness, anxiety, worry, humiliation, mortification, feeling of lost dignity, embarrassment, grief, and shock,

*Under the Tort law, Title 28 U.S. Code § 2671 -*
*Emotional Distress*

11} Damages in tort claims to protects people from harms which

result from the wrongful conduct of others, to property, and/also

emotional or psychological harm as a distinct form of injury. This

recognition was a result of a historical development, as society

increasingly understood the severity and the long-lasting consequences

of mental injury, *(June 25, 1948, Ch. 646, 62 Stat. 982.*


*Title 15 U.S. Code § 6611(b)(5).*


12} Damages in tort claims is an under this traditional common

law, plaintiffs could sue for damages due to emotional distress for

mental harms as recoverable of torts, as an additional harm if they also

suffered physical injury or the threat of physical injury. Eventually, the

courts recognized the infliction of psychological injury as its own

independent cause of action, even without any accompanying harm to a

person or property, *W. Page Keeton et al., Prosser & Keeton on the Law*

*of Torts § 12, at 57 (5th ed. 1984), (Pub. L. 106–37, § 12, July 20, 1999,*

*113 Stat. 199.)*

_____ 11 _____

# CASES STUDY

In the case, *Erie Insurance Co. v. Amazon.com, No. 18-1198 (4th Cir. 2019)* The court explained that insofar as liability in Maryland for defective products falls on "sellers" and manufacturers (who are also sellers), it is imposed on owners of personal property who transfer title to purchasers of that property for a price. The "*Fourth Circuit*" also held that, although Amazon was not immune from suit under the *Communications Decency Act, 47 U.S.C. 230(c)(1), (June 19, 1934, Ch. 652, title II, § 230, as added Pub. L. 104–104, title V, § 509, Feb. 8, 1996, 110 Stat. 137.*

In the case "*Oberdorf vs Amazon*" the plaintiffs became permanently blind by a defective retractable leash. The plaintiffs appealed her case and it was brought before the "*Third Circuit*". A surprising *2-1 decision in July,* a three-judge panel said "*Amazon*" was liable as a seller of products sold by third-party vendors, further state, The "*Third Circuit*" vacated and remanded, *Amazon* is a "seller" under *section 402A* of the "*Second Restatement of Torts*", *Argued October 3, 2018* "and *Opinion filed: July 3, 2019, Oberdorf v. Amazon.com Inc, No. 18-1041 (3d Cir. 2019).*

*Judge Kevin McNulty federal district court in New Jersey*

referenced "*Oberdorf*" in a case where a boy was injured by a scooter

brought on "Amazon" in 2015, the judge wrote, "*Amazon's* control of the

product, its relationship with

the third-party sellers, and the structure of the "*Amazon"* marketplace

all weigh in favor of finding that '*Amazo*n" was a seller, not a mere

broker or facilitator".

Prior to the "*Oberdorf*" case Amazon felt sort to come to

realization liability is coming when *"Amazon"* settled a case in 2014

where a 23-year-old Missouri man died after his helmet came off in a

motorcycle accident purchased on "*Amazon"*, for $5,000, but admitted

no liability.

The plaintiffs mention "*Amazon*" didn't response with the "*third-*

*party seller*" Giokfine's address, "*Amazon*" has a responsible to contact

the consumer with basic information regarding their "*third-party seller*"

and/or disassociate with companies that fall below a percentage of

consumer review

13

_____

## Plaintiff's Defend Complaint

Amendments to a complaint are governed by Rule 15(a) of the *Federal Rules of Civil Procedure. Rule 15(a)* (1) A party may amend its pleading once as a matter of course within: An amended complaint does not just add to the first complaint. An amended complaint entirely replaces the original complaint. Therefore, an amended complaint must include those portions of the original complaint that are necessary, while adding the new material to be considered.

Amending Complaint under the *Federal Rules of Civil Procedure Rule 15(2).* a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Leave of Court is a request made by a party to the court to obtain permission to do something, which would have been unlawful without such permission. A request for leave of court is considered as an implied admission of jurisdiction of the court.

14

*34 CFR § 300.508 - Due process complaint.* (3) A party may amend its due process complaint only if - (i) The other party consents in writing to the amendment and is given the opportunity to resolve the due process complaint through a meeting held pursuant to *§ 300.510;* *{Authority: 20 U.S.C. 1415(b)(7), 1415(c)(2)}*

When Magistrate drafted a decision called a *Report and Recommendation.* In order for the Magistrate's decision to become binding, the Judge has to file an Order Adopting the Magistrate's Report and Recommendation.

*Rule 17. Plaintiff and Defendant; Capacity; Public Officers*

a) Real Party in Interest. 1) Designation in General. An action must be prosecuted in the name of the real party in interest. The following may sue in their own names without joining the person for whose benefit the action is brought: (A) an executor; (B) an administrator; (C) *a guardian; (define in Law as one who is legally responsible for the care and management of the person, incompetent or minor., see guardian ad litem.) c) Minor or Incompetent Person.* (A) a general guardian; (2) Without a Representative. A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by guardian ad litem. The court must appoint guardian ad litem—or issue

15

another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

Under FRAP 27(b) that this court may act on a motion for a procedural on dispositive order— in this case, authorize its clerk to act on specified types of procedural motions. A party adversely affected by the courts, or the clerk's, action may file a motion to reconsider, vacate, or modify that action, a motion requesting that relief must be filed.

The *U.S. Supreme Court* had defined when federal judges can dismiss as "*frivolous*" certain lawsuits brought by convicts and others who cannot afford to pay normal court costs. The court, in a *7-2 ruling*, said it is largely up to a federal judge to determine when a lawsuit is legally frivolous and thus need not be litigated.

The ruling reversed a decision of the *Ninth Circuit Court of Appeals*, which had said a federal judge could dismiss a lawsuit against the government as frivolous *only* if the allegations "*conflicted with judicially noticeable facts.*"

The *Ninth Circuit said*, in effect, a judge could invoke the frivolous standard only if he had factual evidence that an allegation could not be

16

true. The judges in this case can't prove the plaintiffs complaint isn't true.

"A court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations," *justice Sandra O'Connor* wrote for the court. While on this first glance, charges "must be weighted in favor of the plaintiffs," judges are left largely to their common sense in deciding whether to dismiss a case, the court said. But *O'Connor* wrote such a complaint cannot be dismissed "simply because the court finds the plaintiff's allegations unlikely," noting the "age-old insight that many allegations might be 'strange, but true.'"

The ruling further defined the court's *1989 Neitzke v. Williams* ruling. The issue was important to prisoners because they often cannot afford the normal court filing fees. In a one-paragraph dissent, *Justice John Paul Stevens*, joined by *Justice Harry Blackmun*, wrote that while he agreed with the court's standard announced in this opinion, it is "entirely consistent" with the *Ninth Circuit's ruling* and Hernandez should be allowed to pursue his case. *See Denton v. Hernandez, ___ S.Ct. ___ (1992).*

17

The *Constitution's Fifth Amendment* adamantly commands that no person may be "deprived of life, liberty or property without due process of law" by any act of the federal government and legal proceedings carried out regularly and in accordance with established rules and principles called *procedural due process.* A basic threshold issue respecting whether due process is satisfied is whether the government conduct being examined is a part of a criminal or civil proceeding, *see Medina v. California 505 U.S. 437, 443 (1992)*, and having to litigant with full benefit of fair trial and the law applicable to all those in like condition, and not deprived of property without due process of law, even if regarded as deprived of property by an adverse result, see *Marchant v. Pennsylvania R.R., 153 U.S. 380, 386 (1894).*

*Under the Federal Regulation 5 CFR § 732.301* regarding due process on decision made unfavorable decision, *5 CFR § 732.301(b)* comply with all applicable administrative due process requirements, as provided by law, rule, or regulation, *5 CFR § 732.301(c (1)* reason for decision, *5 CFR § 732.301(c (2* opportunity to respond, *5 CFR § 732.301(c (3)* notice if appeal rights, *5 CFR § 732.301 (d)* consider all available information in reaching its final decision, *5 CFR § 732.301(e)*

keep record of action, *[56 FR 18654, Apr. 23, 1991, as amended at 66 FR 66711, Dec. 27, 2001]*

U.S Supreme court has stated under *Rule 12 (b)(6):* "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claim only appear to be the case but not definite" *416 US.232,236,236 (1974).* Rather, "a complaint should not be dismissed for failure to state a claim: *Conley v. Gibson, 355 U.S. 41, 45-46 (1975).* "Dismissal without leave to amend is improper as if, no amendment can save the complaint" Wright and Miller, *Federal Practice and Procedure, vol 5A 1357.*

*Carlton Fields v. Director of CDCR, et al vs U.S. District Court for Eastern California, Sacramento on 04/09/2020* case reversed determined that Plaintiff's case wasn't frivolous and unable to state a claim dismissed

<u>Relief</u>

The Plaintiffs seeking redress through tort law of "*Product Liability*" under "*Strict Liability, Negligence and Breach of Contract*", under the Tort Law, *section 402A* of the "*Second Restatement of Torts*

and "*Third Restatement of Torts*"; Title. *28 U.S. Code § 2671 and Title 15 U.S. Code § 6611(b)(5)* for "*Mental Anguish*" asking for damages in the form of monetary compensation of *$350.000* damages and punitive damages in addition to compensatory damages to deter further misconduct in amount of *$950.000.* Total relief *1.3 million dollars* include compensation and punitive damages. I declare under penalty of perjury that the foregoing is true and correct. (*28 U.S.C. 1746).*

*Dated August 05, 2020*

## EXHIBIT 1



amazon.com

**Final Details for Order #111-1856071-9717030**
Print this page for your records.

**Order Placed:** March 20, 2020
**Amazon.com order number:** 111-1856071-9717030
**Order Total: $15.01**

| Shipped on March 24, 2020 | |
|---|---|
| **Items Ordered** | **Price** |
| 1 of: *giokfine 10 Roll White Toilet Paper Toilet Roll Tissue Roll Pack of 10 4Ply Paper Towels Tissue* | $10.00 |
| Sold by: giokfine (seller profile) | |
| Condition: New | |

**Shipping Address:**
Makai Gray
165A VANDENBURGH PL A
TROY, NY 12180-6048
United States

**Shipping Speed:**
Standard Shipping

| Payment information | |
|---|---|
| **Payment Method:** | Item(s) Subtotal: $10.00 |
| Visa | Last digits: 2013 | Shipping & Handling: $3.90 |
| | ----- |
| **Billing address** | Total before tax: $13.90 |
| Michele Gray | Estimated tax to be collected: $1.11 |
| 25 West 132nd Street #8E | ----- |
| New York, N.Y. 10037 | **Grand Total: $15.01** |
| United States | |
| **Credit Card transactions** | Visa ending in 2013: March 24, 2020: $15.01 |

To view the status of your order, return to Order Summary.

Conditions of Use | Privacy Notice © 1996-2020, Amazon.com, Inc. or its affiliates

## EXHIBIT 2



amazon prime | All | Hello, makai Account & Lists | Returns & Orders | Prime | 4 Cart

Deliver to Makai Troy 12180 | Whole Foods | Prime Video | Customer Service | Pantry | Browsing History | New Releases | Explore the Hobby Shop

Your Account › Your Orders › Order Details

Order Details

Ordered on March 20, 2020 | Order# 111-1856071-9717030 | View or Print invoice

**Shipping Address**
Makai Gray
165A VANDENBURGH PL A
TROY, NY 12180-6048
United States

**Payment Method**
VISA **** 2013

**Order Summary**

| | |
|---|---|
| Item(s) Subtotal: | $10.00 |
| Shipping & Handling: | $3.90 |
| Total before tax: | $13.90 |
| Estimated tax to be collected: | $1.11 |
| **Grand Total:** | **$15.01** |

See tax and seller information

Transactions

**Delivered Apr 23, 2020**

giokfine 10 Roll White Toilet Paper Toilet Roll Tissue Roll Pack of 10 4Ply Paper Towels Tissue
Sold by: giokfine
$10.00
Condition: New
Buy it again

Return or replace items
Problem with order
Share gift receipt
Write a product review
Archive order

**EXHIBIT 3**

**EXHIBIT 4**



**RITE AID-82 VANDENBURGH AVE**
83 VANDENBURGH AVE                                      (518) 272-1355
TROY, NY 12180-6024                                Store DEA : BR5272579
                                                              RPH : FQ1

**Rx 10687 0595206**                                 Date Filled : 06/23/2020

**GRAY, MICHELE**
                                                            (929) 318-5589
165A VANDENBURGH PL
TROY, NY 12180

**CEFDINIR 300 MG CAPSULE**                                    DAW : 0
NDC : 16714-0391-02          QTY : 10            DAYS SUPPLY : 5

**FIORINI, MELISSA M MD**
79 VANDENBURGH AVE
TROY, NY 12180

**NO REFILLS LEFT**

**ADVANCEPCS MED D CVS/CRMARK (BIN#004336**
GRP: 788257                   CLM REF#: 201754469307198999

U&C:                    $59.99

**EXHIBIT 5**

5:10 PM  Tue Jun 23                                                     64%

🔒 amazon.com

SELLER                      PRODUCT                       ORDER PLACED
giokfine                    **giokfine 10 Roll White**    March 20, 2020
View Seller Profile         **Toilet Paper Toilet Roll**  ORDER NUMBER
                            **Tissue Roll Pack of 10 4Ply** 111-1856071-
                            **Paper Towels Tissue**        9717030
                                                           EXPECTED BY
                                                           May 1, 2020 - May
                                                           22, 2020

**Other issue**                                                   Change

What would you like to do?

🔘  **Contact seller**

Other issue ⌄

Contact the seller and allow the seller two days to get back to you

I need your physical address

                                                    3985 characters remaining

Send

# EXHIBIT 5A



Your Account › Your Orders › Problem with order

Problem with order

| SELLER | PRODUCT | ORDER PLACED |
|---|---|---|
| giokfine | **giokfine 10 Roll White Toilet Paper Toilet Roll Tissue Roll Pack of 10 4Ply Paper Towels Tissue** | March 20, 2020 |
| View Seller Profile | | ORDER NUMBER |
| | | 111-1856071-9717030 |
| | | EXPECTED BY |
| | | May 1, 2020 - May 22, 2020 |

✓ **Message sent**
If the seller does not resolve your issue within 48 hours of the first message, you can revisit this page to check if you are eligible to request an A-to-z Guarantee refund.

# EXHIBIT 6

⭐⭐⭐⭐⭐ *"Horrible. Dishonest. Terrible quality. Watch for this seller on any*

**23**

SIGNATURE
Michele Gray, M.G
{minor}
165A Vandenburgh Place
Troy, New York 12180
929-318-5589
Reneegray661@gmail.com