UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**MICHELE GRAY,**

                              **Plaintiff,**

   vs.                                                1:21-CV-116 (MAD/DJS)

**AMAZON.COM, INC.,**

                              **Defendant.**
_____

**APPEARANCES:**                                        **OF COUNSEL:**

**MICHELE GRAY**
Plaintiff *pro se*

**PERKINS COIE LLP**                          **JEFFREY D. VANACORE, ESQ.**
1155 Avenue of the Americas – 22nd Floor
New York, New York 10036
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

      On January 4, 2021, Plaintiff commenced this action *pro se* in New York State Supreme Court, Rensselaer County, alleging that when her local markets were out of toilet paper during the COVID-19 pandemic, she ordered toilet paper online from Defendant on March 20, 2020. *See* Dkt. No. 2 at 2. Plaintiff claims that, upon using the toilet paper, she suffered discomfort and, upon going to urgent care for treatment, she discovered that he had an infection. *See id.* at 2-3. Plaintiff claims that she called and e-mailed Defendant, but received no response. *See id.* Plaintiff claims that there was a manufacturing defect in the toilet paper and brought this action alleging a product liability claim against Defendant. *See id.* at 2-4, 13.

On January 29, 2021, Defendant removed the action to this Court. *See* Dkt. No. 1. In its notice of removal, Defendant notes that Plaintiff previously filed an identical action in this Court, which the Court dismissed on January 14, 2021, while also granting Plaintiff an opportunity to amend within thirty days. *See* Dkt. No. 1 at 1-2 (citing *Gray v. Amazon*, No. 1:20-cv-715, Dkt. No. 28 (N.D.N.Y.)). No amended complaint was filed in that action.

On February 18, 2021, Defendant moved to dismiss this action. *See* Dkt. No. 11. In its motion to dismiss, Defendant argues that this action is subject to dismissal for all of the reasons outlined in the Court's January 14, 2021 Order dismissing Plaintiff's previous lawsuit. *See* Dkt. No. 11-1 at 5-10. In response to Defendant's motion to dismiss, Plaintiff filed a cross-motion to remand. *See* Dkt. No. 15. In her cross-motion, Plaintiff appears to argue that this Court lacks diversity jurisdiction over this matter because the Court expressed skepticism in her prior lawsuit that her claim could potentially be worth in excess of $75,000. *See id.* at 1.

As set forth below, Defendant's motion to dismiss is granted and Plaintiff's motion to remand is denied.

## II. DISCUSSION

**A.      Motion to Remand**

28 U.S.C. § 1441(a) permits a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" to a district court of the United States. In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). But a court "should be cautious about remand, lest it erroneously deprive [a] defendant of the right to a federal forum." *Contitrade*

2

*Servs. Corp. v. Eddie Bauer Inc.*, 794 F. Supp. 514, 516 (S.D.N.Y. 1992) (quoting *Manas y Pineiro v. Chase Manhattan Bank, N.A.*, 443 F. Supp. 418, 419 (S.D.N.Y. 1978)).

Moreover, federal courts may not hear a case in the absence of subject matter jurisdiction. A lack of subject matter jurisdiction may not be waived and may be raised by motion *or sua sponte* at any time. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107 (2d Cir. 1997); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). In the absence of subject matter jurisdiction, federal courts must remand a removed case to state court. *See* 28 U.S.C. § 1447(c).

In the present matter, the Court finds that Defendant properly removed this case on the basis of diversity jurisdiction. Plaintiff is a citizen of New York, while Defendant is a Delaware corporation, with its principal place of business in Washington. *See* Dkt. No. 1 at ¶ 7. Further, Plaintiff seeks $1,300,000 in compensatory and punitive damages, well in excess of the jurisdictional minimum under Section 1332(a). *See* Dkt. No. 2 at 20.

In her motion to remand, Plaintiff appears to argue that the actual amount in controversy is under the $75,000 jurisdictional minimum. *See* Dkt. No. 15 at 1. Courts recognize "'a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy.'" *Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (quotation omitted). "To overcome the face-of-the-complaint presumption, the party opposing jurisdiction must show 'to a legal certainty' that the amount recoverable does not meet the jurisdictional threshold." *Id.* (quotation and other citation omitted). The Second Circuit has "set a high bar for overcoming this presumption." *Id.* "'[T]he legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim.'"

x

*Id.* (quotation omitted). "'[E]ven where [the] allegations leave grave doubt about the likelihood of a recovery of the requisite amount, dismissal is not warranted.'" *Id.* (quotation and other citation omitted).

Here, there is nothing legally precluding Plaintiff from seeking damages in excess of $75,000 in a product liability action and Plaintiff's complaint expressly states that her damages are well in excess of that amount. Further, Plaintiff has failed to overcome the "face-of-the-complaint presumption" by demonstrating the legal impossibility of such a recovery. Further, the fact that, as set forth below, Plaintiff's complaint is subject to dismissal does not impact this decision. *See Scherer*, 347 F.3d at 397-98 (holding that federal courts cannot consider the merits of an affirmative defense in determining whether the plaintiff has demonstrated to a legal certainty that the amount recoverable does not meet the jurisdictional threshold).

Accordingly, Plaintiff's motion to remand (Dkt. No. 15) is denied.

**B.      Motion to Dismiss**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v.*

4

*Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" *id.* at 570.

Additionally, "in a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (citations omitted). The Second Circuit has directed that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Initially, the Court notes that this case began on June 29, 2020, when Plaintiff filed her previous case against Defendant and five others alleging a litany of harms.  *See Gray, et al. v. United States, Dep't of Justice*, No. 1:20-cv-712 (N.D.N.Y.); *Gray v. Poland Spring Water*, No. 1:20-cv-713 (N.D.N.Y.); *Gray v. GC Services/Apple*, No. 1:20-cv-714 (N.D.N.Y.); *Gray v. American Broadcast Co., et al.*, No. 1:20-cv-716 (N.D.N.Y.); *Gray v. Capstone Financial, et al.*, No. 20-cv-896 (N.D.N.Y.); *Gray v. Fidelity Investments*, No. 1:20-cv-718 (N.D.N.Y.).  The present matter is identical in all material respects to the suit originally commenced by Plaintiff in this Court against Defendant, which was previously dismissed after Plaintiff had been afforded an opportunity to amend her complaint.

Initially, as the Court noted in Plaintiff's previous action against Defendant, Plaintiff, who is proceeding *pro se*, may not bring an action on behalf of a minor (or any other person).  *See Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) (citation omitted).  As such, to the extent that Plaintiff has brought this action on behalf of a minor, M.G., Defendant's motion to dismiss is granted.

In her complaint, Plaintiff attempts to plead product liability claims against Defendant relating to the alleged defective toilet paper she received.  "To plead and prove a manufacturing flaw under either negligence or strict liability, the plaintiff must show that a specific product unit was defective as a result of 'some mishap in the manufacturing process itself, improper workmanship, or because defective materials were used in construction,' and that the defect was the cause of plaintiff's injury."  *Colon ex rel. Molina v. BIC USA, Inc.*, 199 F. Supp. 2d 53, 85 (S.D.N.Y. 2001) (quoting *Caprara v. Chrysler Corp.*, 52 N.Y.2d 114, 129 (1981)).  Moreover, the defect must be the cause of the plaintiff's injury.  *See id.*

If a product cannot be inspected, a plaintiff can plead a manufacturing defect based on circumstantial evidence. *See Tears v. Boston Sci. Corp.*, 344 F. Supp. 3d 500, 510-11 (S.D.N.Y. 2018) (citing *Speller ex rel. Miller v. Sears, Roebuck & Co.*, 100 N.Y.2d 38, 41 (2003)). In such cases, the plaintiff must allege enough facts to establish that "the product did not perform as intended" and "the possibility of other causes has been excluded." *Williamson v. Stryker Corp.*, No. 12-cv-7083, 2013 WL 3833081, *5 (S.D.N.Y. July 23, 2013); *see also Speller*, 100 N.Y.2d at 41.

Initially, the Court finds that Plaintiff has failed to plead enough facts to show that the product at issue was defective. *See Goldin v. Smith & Nephew, Inc.*, No. 12-cv-9217, 2013 WL 1759575, *3 (S.D.N.Y. Apr. 24, 2013). The lone relevant allegation – that "the package was dirty" – is insufficient to state a plausible claim. The complaint fails to otherwise explain how or when "the package" became dirty or, more basically, what "the package" even means. Stated differently, the complaint fails to allege that the toilet paper left the manufacturer's or seller's control in a defective condition.

Proximate cause is also missing from Plaintiff's complaint. "Whether an action is pleaded in strict products liability, breach of warranty, or negligence, the consumer has the burden of showing that a defect in the product was a substantial factor in causing the injury ... and 'proof of mere injury furnishes no rational basis for inferring that the product was defective for its intended use.'" *Beckford v. Pantresse, Inc.*, 51 A.D.3d 958, 959 (2d Dep't 2008) (quotation and other citation omitted). Here, the complaint fails to set forth any facts plausibly establishing a link between the toilet paper and Plaintiff's alleged injury and does not exclude other possible explanations for Plaintiff's injury. *See Morales v. Kimberly-Clark Corp.*, No. 18-cv-7401, 2020 WL 2766050, *7 (S.D.N.Y. May 27, 2020) (dismissing the plaintiff's product liability action

7

where the plaintiff alleged that Huggies diapers caused a rash on her infant but the complaint failed to plead "sufficient, non-conclusory facts that support a reasonable inference that this single diaper's manufacturing deviated from identical units or, critically, that all other causes of [the infant's] rash have been excluded").  Plaintiff's complaint offers nothing but "'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quotation omitted).

Moreover, as Defendant notes, the exhibits to Plaintiff's complaint refute the allegation that she "rush[ed] for care" because of a "lump on the foreskin of the anal area." Dkt. No. 2 at ¶ 5.  Plaintiff attaches to her complaint a medical record that provides reasons having nothing to do with a "lump on the foreskin of the anal area" for why she went to urgent care.  *See* Dkt. No. 2-1 at 1-3.  "If a document relied on in the complaint contradicts allegations in the complaint, the document, not the allegations, control, and the court need not accept the allegations in the complaint as true."  *Poindexter v. EMI Record Grp. Inc.*, No. 11-cv-559, 2012 WL 1027639, *2 (S.D.N.Y. Mar. 27, 2012); *see also Perry v. NYSARC, Inc.*, 424 Fed. Appx. 23, 25 (2d Cir. 2011).

Accordingly, the Court finds that Plaintiff has failed to plausibly allege any claim against Defendant and her complaint is subject to dismissal.  Although a court should generally not dismiss a *pro se* case without first affording the plaintiff an opportunity to amend, that result is warranted in the present matter.  As previously mentioned, this is Plaintiff's third complaint against Defendant stemming from alleged "defective" toilet paper, and it is virtually unchanged from the first.  While Plaintiff has not been afforded an opportunity to amend in this action, she was provided an opportunity to amend her complaint in her previous lawsuit brought against Defendant, after having been provided instruction from Magistrate Judge Stewart in his initial review of her original complaint.

Further supporting dismissal without leave to amend is the fact that Plaintiff has demonstrated herself to be a serial litigator. Three of the six cases Plaintiff commenced in 2020 have been dismissed either on initial review or through a motion to dismiss. *See Gray, et al. v. United States, Dep't of Justice*, No. 1:20-cv-712 (N.D.N.Y.); *Gray v. GC Services/Apple*, No. 1:20-cv-714 (N.D.N.Y.); *Gray v. American Broadcast Co., et al.*, No. 1:20-cv-716 (N.D.N.Y.). In another of Plaintiff's cases, *Gray v. Capstone Financial, et al.*, No. 1:20-cv-896 (N.D.N.Y.), the initial complaint was dismissed and the amended complaint is pending an initial review. Moreover, Plaintiff is reusing the same "prescription" exhibit in other cases as evidence of an injury caused by other products. *See Gray v. Poland Spring Water*, No. 1:20-cv-713, 2020 WL 5077442, *3 n.1 (N.D.N.Y. July 31, 2020) ("In both the present matter and that action, Plaintiff has attached the same photo of a prescription that she took as a result of her alleged injuries").

In light of the lack of factual allegations in the complaint, Plaintiff's recent history as a serial litigator, and because she was previously afforded an opportunity to amend her allegations against Defendant in her previous lawsuit against it yet failed to cure the deficiencies, the Court finds that granting Plaintiff leave to amend would be futile. *See Gibson v. Brown*, No. 12-cv-622, 2012 WL 1744845, *7 (E.D.N.Y. May 16, 2012) (citing cases); *De Ponceau v. Bruner*, No. 9:09-cv-605, 2012 WL 1030415, *15 (N.D.N.Y. Feb. 21, 2012). Accordingly, Defendant's motion to dismiss is granted and Plaintiff's complaint is dismissed with prejudice.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to dismiss (Dkt. No. 11) is **GRANTED;** and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED with prejudice**; and the Court further

**ORDERS** that Plaintiff's cross motion to remand (Dkt. No. 15) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 12, 2021
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge